UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNESTINA GOMEZ | ) | |
| | ) | Case Number |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CIVIL COMPLAINT |
| | ) | |
| MANN BRACKEN, LLP | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant | ) | |
| | ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Ernestina Gomez, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Ernestina Gomez, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant maintains a principal office in this District.

### III.  PARTIES

4. Plaintiff, Ernestina Gomez, is an adult natural person residing at 1544 E. Fedora Avenue, Apt. 2, Fresno, CA 93704.

5. Defendant, Mann Bracken, LLP ("Defendant"), at all times relevant hereto, is and was a limited liability partnership engaged in the business of collecting debt within the State of California and the Commonwealth of Pennsylvania with a principal place of business located at 4660 Trindle Road, Suite 300, Camp Hill PA 17011.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. In or around the end of September, 2008, Plaintiff began receiving calls from the Defendant in regards to a debt owed to HSBC on two (2) outstanding accounts. Defendant is trying to collect a debt in excess of $2,700.00

8. On or about September 18, 2008, Plaintiff received a Notice of Intention to Incur Court Cost from an attorney of the Defendant.  This notice informed the Plaintiff

that Defendant was given the go ahead to proceed with a lawsuit to obtain payment on one of Plaintiff's outstanding accounts with HSBC.

9.      In that same letter Plaintiff was informed that she had five (5) days from the date of the letter to make satisfactory payment arrangements or the suit would be filed to enforce the debt.  **See Exhibit "A" attached hereto.**

10.     On or around October 22, 2008, Plaintiff retained the services of Persels & Associates to assist her in resolving her unsecured debt.  At that time, the firm sent cease & desist letters to all of Plaintiff's creditors to inform them of Plaintiff's representation.

11.     On or about November 20, 2008, Plaintiff received another notice from Defendant on her second outstanding account with HSBC.  Defendant again gave five (5) days from the date of the letter for Plaintiff to comply with her obligation for payment in order for Defendant to abstain from filing suit.  **See Exhibit "B" attached hereto.**

12.     In or around the beginning of May, 2009, Plaintiff began receiving calls from Defendant's agent, "Richard".  Agent, "Richard", told Plaintiff that if she didn't make arrangements that day with him, that they would take her to court.

13.     Plaintiff informed Defendant's agent, "Richard", that she was being represented by an attorney.  Defendant's agent, "Richard", told her that it didn't matter to him.  The agent then asked Plaintiff to tell him, "what is your attorney going to do for you".

14.     Defendant's agent, "Richard", told Plaintiff that he would not work with her attorney.

15. In or around April, 2009, Plaintiff received a call from Defendant asking her to pay $45 a month toward her debt. Plaintiff was advised by her attorneys not to make these payments.

16. On or about May 15, 2009, Plaintiff's attorney, Persels & Associates, sent out a cease & desist letter to the Defendant. This letter informed the Defendant that they had been retained to help the Plaintiff resolve her debt. This letter also informed the Defendant that the Plaintiff was unable to pay back her debt due to the fact that her only source of income is SSI. They also informed the Defendant that the Plaintiff has no assets that can be levied.

17. In this same letter, attorneys for the Plaintiff asked the Defendant to consider writing off this debt, stating that due to the Plaintiff's financial situation further collection efforts would be futile. **See Exhibit "C" attached hereto.**

18. Defendant's agent, "Richard", began calling again in August, 2009. Defendant's agent told the Plaintiff that if she didn't pay anything on the phone with him that day that they were ready to file the last of their legal documents against her.

19. Plaintiff reminded Defendant that she had an attorney. Defendant's agent, "Richard", told Plaintiff again that he would not deal with a third party and that he would continue to call for payment.

20. On or about August 5, 2009, still frightened that she would be sued, Plaintiff agreed to pay the Defendant $110 a month toward the debt.

21. After speaking to her attorney on that same date, Plaintiff was advised again not to make any payments that she could not afford toward this debt.

22. On or about August 11, 2009, Plaintiff received another letter from the Defendant again threatening to take her to court for failure to pay the balance of her debt.

23. On or about October 19, 2009, Plaintiff received an application for default from the Defendant. Plaintiff was once again asked to come up with a satisfactory payment arrangement.

24. On that same day, Plaintiff spoke with her attorneys who once again advised her not to sign anything that the Defendant sent to her.

25. Collection calls from the Defendant have continued up until the filing of this complaint.

26. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

27. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

28. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

29. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

30. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

31. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

32. The above paragraphs are hereby incorporated herein by reference.

33. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

34. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney, unless attorney consents or is unresponsive |
| §§ 1692c(c) | After written notification that the consumer refuses to pay debt, or that consumer wants collector to cease communication |

| | | |
|---|---|---|
| | §§ 1692d | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| | §§ 1692d(2) | Profane language or other abusive language |
| | §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| | §§ 1692e | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| | §§ 1692e(2) | Character, amount or legal status of the alleged debt |
| | §§ 1692e(5) | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| | §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| | §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Mann Bracken, LLP, for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

    d.       Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    e.       Such additional and further relief as may be appropriate or that the interests of justice require.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: November 3, 2009**       BY:  ***/s/ Brent F. Vullings***
                                       Brent F. Vullings, Esquire
                                         Warren & Vullings, LLP
                                         1603 Rhawn Street
                                         Philadelphia, PA  19111
                                         215-745-9800   Fax 215-745-7880
                                         Attorney for Plaintiff